IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00737-MSK-MEH

TAMMI CLANCY,

    Plaintiff,

v.

ACADEMY SCHOOL DISTRICT 20,

    Defendant.

## PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    The Court enters the following protective order:

    1. The parties request a protective order to apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2. For purposes of this requested Order, the parties agree that "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3. The parties agree that information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or current or former Academy School District 20 employees or applicants, or financial information about Plaintiff or Academy School District 20.

    4. The parties agree that CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing

it, the consent of the individual whose personnel or applicant file is at issue, or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or she has read the Protective Order and agrees to be bound by its provisions.

6. The parties agree that documents will be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. The parties agree that whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order. The parties further agree that such designation shall be made on the record during the deposition.

8. All parties agree that a party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, the parties agree that each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, at the expense of the party originally providing the document, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 20th day of July, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge